MINTO v. DAVIE.

1. SPECIFIC PERFORMANCE—VENDOR AND PURCHASER—GOOD FAITH
   PURCHASER—NOTICE.
   In a suit by the vendees for the specific performance of a
   land contract, the finding of the court below that inter-
   veners, to whom the vendors had assigned their contract
   interest in the premises, purchased same in good faith and
   without notice of plaintiffs' claim, *held*, justified by the
   evidence.

2. ATTORNEY AND CLIENT—KNOWLEDGE OF VENDOR'S ATTORNEY NOT
   IMPUTABLE TO VENDEES.
   Knowledge of an existing unrecorded land contract by an
   attorney acting for the vendor in a sale of land may not
   be imputed to the vendees.

Appeal from Wayne; Mandell (Henry A.), J.  Sub-
mitted April 22, 1927.  (Docket No. 4.)  Decided
October 3, 1927.

Bill by Martin Minto and another against Merton
W. Davie and another for specific performance of a
land contract.  Patrick J. Currier and another were
permitted to intervene, and filed a cross-bill for affirma-
tive relief.  From a decree dismissing the bill, plain-
tiffs appeal.  Affirmed.

*John G. Cross,* for plaintiffs.

*Payne & Payne,* for intervening defendants.

CLARK, J.  Plaintiffs' bill for specific performance
of a land contract was dismissed and they have ap-
pealed.  Wyoming Land Company had record title to
the lot in question.  Grace M. Langley was a con-
tract purchaser.  On April 11, 1923, defendants Davie

---

[1]Specific Performance, 36 Cyc. p. 784 (Anno); [2]Attorney and
Client, 6 C. J. § 144.

entered into a contract to sell the lot to plaintiffs for $9,450 and to erect a dwelling house thereon. As a down payment plaintiffs transferred to the Davies an equity in other property. On April 25, 1923, Mr. Davie entered into a contract with Grace M. Langley to purchase the lot for $1,200, and he paid down $200. Neither of these contracts was recorded. The Davies did not put up the dwelling, except the foundation. On May 3, 1923, Mr. and Mrs. Davie, by assignment indorsed on the contract with Grace M. Langley, transferred the same for $250 to the interveners Currier. Subsequently Grace M. Langley began summary proceeding against Mr. and Mrs. Davie and had judgment. On the last day Mr. Currier paid to the commissioner the whole amount found due, $1,262.01.

The trial court found that the interveners purchased from the defendants in good faith and without knowledge or notice of plaintiffs' claim, and we find no evidence to the contrary. But appellants contend that Leo S. Schrot acted as attorney for Mr. Currier in the matter and that evidence that Mr. Schrot had knowledge and notice of plaintiffs' claim is sufficient to charge interveners with like knowledge and notice. But the record shows clearly that Mr. Schrot was attorney for Mr. Davie, not for interveners, and therefore the contention fails.

The decree is affirmed, with costs to interveners against appellants.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.